1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VENABLE LLP**
Daniel S. Silverman (State Bar No. 137864)
Bryan J. Weintrop (State Bar No. 307416)
2049 Century Park East, Suite 2300
Los Angeles, CA 90067
Telephone: (310) 229-9900
Facsimile:  (310) 229-9901
E-mail: dssilverman@venable.com
          bjweintrop@venable.com

**VENABLE LLP**
Zoe E. Gallagher (State Bar No. 355362)
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:  415.673.3750
Facsimile:  415.653.3755
E-mail: zgallagher@venable.com

Attorneys for Defendant
ALTERNATIVE VENTURES, LLC dba
PRESS'D

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID CAVALIERE and DALLAS LEBLANC, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>ALTERNATIVE VENTURES LLC, d/b/a PRESS'D,<br><br>                    Defendant. | Case No. 2:25-CV-00137-SRM-RAO<br>Assigned to the Hon. Serena R. Murillo<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS AND/OR STRIKE PUTATIVE NATIONWIDE CLASS ALLEGATIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1), 12(b)(6) AND/OR 12(f)**<br><br>Hearing Date: June 26, 2025<br>Time: 1:30 p.m.<br>Courtroom: 9B<br><br>Action Filed:    January 6, 2025<br>Trial Date:     None |

MOTION TO DISMISS AND/OR STRIKE
                                                          NATIONWIDE CLASS ALLEGATIONS

## NOTICE OF MOTION AND MOTION TO STRIKE

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:  PLEASE TAKE NOTICE THAT on June 26, 2025, at 1:30 p.m. in Courtroom 9B of the above-captioned court, located 411 W. Fourth St., Santa Ana, CA 92701, or as soon thereafter as counsel may be heard, Defendant Alternative Ventures LLC d/b/a PRESS'D ("PRESS'D" or "Defendant") will and hereby does move to dismiss and/or strike Plaintiffs' putative nationwide class allegations pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(6) and/or 12(f) because Plaintiffs David Cavaliere and Dallas LeBlanc ("Plaintiffs") lack standing to assert claims under the common laws of states with which they have no connection, California lacks significant contacts with the claims of each class member, and conflict of law principles preclude certification of a nationwide class.

This motion is based on the Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the papers and records on file in this action, and any other matter the Court may consider.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on March 26, 2025, at which Plaintiffs and Defendants thoroughly discussed the substance and potential resolution of the filed motion by videoconference.

Dated: April 2, 2025                        Respectfully submitted,

**VENABLE LLP**

By:   _/s/ Daniel S. Silverman_
        Daniel S. Silverman
        Bryan J. Weintrop
        Zoe E. Gallagher

        *Attorneys for Defendant*
        ALTERNATIVE VENTURES, LLC
        dba PRESS'D

1

# <u>TABLE OF CONTENTS</u>

2

**Page**

3    I.    INTRODUCTION ................................................................................1

4    II.   PERTINENT ALLEGATIONS...........................................................1

5    III.  LEGAL STANDARD ........................................................................2

6
7    IV.   ARGUMENT......................................................................................2

8          A.    Plaintiffs Lack Standing To Assert Claims Under The Common
9                Laws Of States With Which They Have No Connection....................3

10         B.    California Lacks Significant Contacts With Each Class
                 Member's Claims ...................................................................5

11
12         C.    Conflict of Law Principles Preclude A Nationwide Class ...................6

13               1.    Material Differences Exist Between Different
                       Jurisdictions' Laws of Fraud, Breach of Warranty, and
14                     Unjust Enrichment ...........................................................8

15               2.    Each Jurisdiction Has a Substantial Interest in the
16                     Application of Its Own Law to Claims Asserted on
                       Behalf of Its Residents ...........................................................10
17
18               3.    Each State's Interest Would Be Impaired by the
                       Application of Another State's Laws........................................11
19
         D.    The Class Allegations Should Be Stricken Now ...............................12
20
21   V.    CONCLUSION............................................................................14

22

23

24

25

26

27

28

MOTION TO DISMISS AND/OR STRIKE
                                        NATIONWIDE CLASS ALLEGATIONS

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Andren v. Alere, Inc.*,
   2017 WL 6509550 (S.D. Cal. Dec. 20, 2017) ....................................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................................................2

*Astiana v. Hain Celestial Grp., Inc.*,
   783 F.3d 753 (9th Cir. 2015) ..............................................................................8

*Banh v. Am. Honda Motor Co., Inc.*,
   2020 WL 4390371 (C.D. Cal. July 28, 2020) .....................................................9

*Bell Atl. Corp. v. Twombly*,
   500 U.S. 554 (2007)............................................................................................2

*Bias v. Wells Fargo & Co.*,
   312 F.R.D. 528 (N.D. Cal. 2015).........................................................................8

*Bosinger v. Belden CDT, Inc.*,
   358 F. App'x 812 (9th Cir. 2009) ........................................................................8

*Callaghan v. BMW of N. Am., LLC*,
   2014 WL 6629254 (N.D. Cal. Nov. 21, 2014) .....................................................8

*In re Capacitors Antitrust Litig.*,
   106 F. Supp. 3d 1051 (N.D. Cal. 2015).....................................................8, 11, 13

*Cetacean Cmty. v. Bush*,
   386 F.3d 1169 (9th Cir. 2004) ............................................................................2

*Corcoran v. CVS Health Corp.*,
   2016 WL 4080124 (N.D. Cal. July 29, 2016) .....................................................4

*Cover v. Windsor Surry Co.*,
   2016 WL 520991 (N.D. Cal. Feb. 10, 2016) ...................................................7, 13

*Darisse v. Nest Labs, Inc.*,
   2016 WL 4385849 (N.D. Cal. Aug. 15, 2016) .....................................................9

*Dearmey v. Hawaiian Isles Kona Coffee Co.*,
    2019 WL 6723413 (C.D. Cal. July 22, 2019)......................................................10

*Drake v. Toyota Motor Corp.*,
    2020 WL 7040125 (C.D. Cal. Nov. 23, 2020) ...............................................3, 12

*Fenerjian v. Nongshim Co.*,
    72 F. Supp. 3d 1058 (N.D. Cal. 2014).................................................................4

*Forcellati v. Hyland's Inc.*,
    876 F. Supp. 2d 1155 (C.D. Cal. 2012) ..............................................................8

*Freedline v. Organics*,
    2020 WL 6290352 (N.D. Cal. 2014 Oct. 27, 2020) .....................................11, 13

*Frenzel v. AliphCom*,
    76 F. Supp. 3d 999 (N.D. Cal. 2014)..............................................................7, 13

*Frezza v. Google, Inc.*,
    2013 WL 1736788 (N.D. Cal. Apr. 22, 2013) ...................................................14

*General Telephone Co. of Southwest v. Falcon*,
    457 U.S. 147 (1982)..........................................................................................12

*Gianno v. Alacer Corp.*,
    846 F. Supp. 2d 1096 (C.D. Cal. 2012) ............................................................10

*Johnson v. Nissan N. Am., Inc.*,
    272 F. Supp. 3d 1168 (N.D. Cal. 2017).............................................................4

*Jones v. Micron Tech., Inc.*,
    400 F. Supp. 3d 897 (N.D. Cal. 2019)...............................................................4

*Keegan v. Am. Honda Motor Co.*,
    284 F.R.D. 504 (C.D. Cal. 2012)......................................................................12

*Krayzman v. Yalla Ventures, Inc.*,
    2024 WL 4536761 (C.D. Cal. Oct. 16, 2024) ..................................................12

*In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*,
    2012 WL 2376975 (C.D. Cal. May 14, 2012) ..................................................11

*Larsen v. Vizio, Inc.*,
   2015 WL 13655757 (C.D. Cal. Apr. 21, 2015) ................................................10

*Lightborne v. Printroom, Inc.*,
   307 F.R.D. 593 (C.D. Cal. 2015) ...............................................................5, 6

*Lozano v. Bowmar Nutrition LLC*,
   2021 WL 4459660 (C.D. Cal. Aug. 19, 2021) ...............................................3, 4

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) .......................................................................................2

*M.A., et al. v. Thang Botanicals, Inc, et al.*,
   Case No. 3:24-cv-07029-TLT (N.D. Cal.) .......................................................1

*Marsh v. First Bank of Del.*,
   2014 WL 554553 (N.D. Cal. Feb. 7, 2014) ..................................................5, 6

*Mazza v. Am. Honda Motor Co., Inc.*,
   666 F.3d 581 (9th Cir. 2012) ..................................................................*passim*

*Phan v. Sargento Foods, Inc.*,
   2021 WL 2224260 (N.D. Cal. June 2, 2021) ...............................................4, 13

*Phillips Petroleum Co. v. Shutts*,
   472 U.S. 797 (1985) .......................................................................................5

*Schwartz v. Lights of Am.*,
   2012 WL 4497398 (C.D. Cal. Aug. 31, 2012) ................................................7

*Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*,
   2023 WL 2324291 (N.D. Cal. Feb. 16, 2023) .............................................4, 13

*Smith v. Ford Motor Co.*,
   462 Fed. App'x. 660 (9th Cir. 2010) ...............................................................8

*Soo v. Lorex Corp.*,
   2020 WL 5408117 (N.D. Cal. Sept. 9, 2020) ...................................................4

*Stevens v. Britax Child Safety, Inc.*,
   2021 WL 4706702 (C.D. Cal. July 13, 2021) ..............................................3, 13

-iv-

*Stewart v. Kodiak Cakes*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) ...........................................................4, 13

*Stitt v. Citibank*,
    2015 WL 9177662 (N.D. Cal. Dec. 17, 2015).....................................................8

*Tatum v. Talking Rain Beverage Company, Inc.*,
    No. 3:22-cv-03525-TLT, ECF No. 28 (N.D. Cal. Dec. 5, 2022) ..................4, 13

*Tidwell v. Thor Indus., Inc.*,
    2007 WL 8083631 (S.D. Cal. Mar. 26, 2007) ....................................................6

*United Food & Com. Workers Loc. 1776 & Participating Emps.*
    *Health & Welfare Fund v. Teikoku Pharma USA, Inc.*,
    74 F. Supp. 3d 1052 (N.D. Cal. 2014) ...............................................................4

*Van Mourik v. Big Heart Pet Brands, Inc.*,
    2018 WL 6136828 (N.D. Cal. Mar. 1, 2018) ....................................................13

*Vinci v. Hyundai Motor Am.*,
    2018 WL 6136828 (C.D. Cal. Apr. 10, 2018) .....................................................9

*Vitiosus v. Alani Nutrition, LLC*,
    2022 WL 2441303 (S.D. Cal. July 5, 2022) ...................................................4, 13

*Walters v. Vitamin Shoppe Indus., Inc.*,
    2018 WL 2424132 (D. Or. May 8, 2018) ...........................................................8

*Weisberg v. Takeda Pharms. U.S.A., Inc.*,
    2018 WL 4043171 (C.D. Cal. Aug. 21, 2018) ....................................................7

*Zakikhan v. Hyundai Motor Co.*,
    2021 WL 4805454 (C.D. Cal. June 28, 2021)................................................3, 13

*Zinser v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ..................................................................5, 7, 10

**California Cases**

*Hernandez v. Burger*,
    102 Cal. App. 3d 795 (1980) ............................................................................12

*McCann v. Foster Wheeler LLC*,
  48 Cal. 4th 68 (2010) ...................................................................................10

**State Court Cases**

*Angelini v. Delaney*,
  966 P.2d 223 (Or. 1998) ................................................................................9

*Dolezal v. City of Cedar Rapids*,
  326 N.W.2d 355 (Iowa 1982) ........................................................................9

*Domke v. Alyeksa Pipeline Serv. Co.*,
  137 P.3d 295 (Alaska 2006) ..........................................................................9

*Drozeck v. Lawyers Title Ins. Corp.*,
  749 N.E.2d 775 (Ohio Ct. App. 2000) ..........................................................9

*Minyard v. Curtis Prods., Inc.*,
  205 So.2d 422 (La. 1967) ..............................................................................9

*Nitrini v. Feinbaum*,
  501 P.2d 576 (Ariz. App. Div. 1972) ............................................................9

*Suburban Motors of Grafton, Inc. v. Forester*,
  396 N.W.2d 351 (Wis. Ct. App. 1986) ..........................................................9

**California Statutes**

Consumers Legal Remedies Act .........................................................................1

False Advertising Law ........................................................................................1

Unfair Competition Law .....................................................................................1

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ......................................................................................2

Fed. R. Civ. P. 12(b)(6) ...............................................................................2, 13

Fed. R. Civ. P. 12(f) ...........................................................................................2

-vi-

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

For the reasons set forth in Defendant Alternative Ventures LLC d/b/a PRESS'D's ("PRESS'D" or "Defendant") concurrently filed Motion to Dismiss, each of Plaintiffs' claims are subject to dismissal because, among other reasons, they are fundamentally based on the false premise that PRESS'D purportedly failed to disclose that its kratom-based product, 7-Hydroxymitragynine ("7-OH" or the "Product"), is potentially harmful or addictive.  However, and regardless of whether the Court determines that any of Plaintiffs' claims are sufficiently pled so as to survive Defendant's Motion to Dismiss, Plaintiffs' nationwide class allegations must nonetheless be stricken because Plaintiffs lack standing to assert claims under the common laws of states with which they have no connection, California lacks significant contacts with the claims of each class member, and conflict of law principles preclude certification of a nationwide class.

Notably, counsel for Plaintiffs recently attempted the same tactic of attempting to plead nationwide class allegations for common law claims for breach of implied warranty, unjust enrichment, and fraud by omission in another putative class action they filed against a different manufacturer of a kratom-based product in the case captioned *M.A., et al. v. Thang Botanicals, Inc, et al.*, Case No. 3:24-cv-07029-TLT (N.D. Cal.).  In that case, in their opposition to the motion to dismiss/strike, Plaintiffs conceded that their purported nationwide class allegations were subject to being stricken for the identical reasons set forth in this Motion.  *See id.*, at ECF 32 at 10, n.3.  The same result should follow here.

## II.    PERTINENT ALLEGATIONS

Plaintiffs allege six causes of action.  Specifically, Plaintiffs allege claims on behalf of a putative class of California consumers under the Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), and False Advertising Law

MOTION TO DISMISS AND/OR STRIKE
NATIONWIDE CLASS ALLEGATIONS

("FAL").  Plaintiffs further allege on behalf of nationwide classes common law claims for breach of implied warranty, unjust enrichment, and fraud by omission. Plaintiffs' attempt to plead nationwide causes of action as to their common law claims fails for the reasons set forth below.

## III.    LEGAL STANDARD

A motion to dismiss tests a complaint's legal sufficiency.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss is granted when the plaintiff fails to state a claim upon which relief can be granted.  *Id.*  Under Rule 12(b)(6), a complaint must be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 554, 570 (2007)).

In addition, a party may file a motion to dismiss for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  An Article III federal court must ask whether a plaintiff has suffered sufficient injury to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  A suit brought by a plaintiff without Article III standing is not a "case or controversy," such that an Article III federal court lacks jurisdiction. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

Further, Federal Rule of Civil Procedure 12(f) empowers this Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" upon a motion made by either party.  Fed. R. Civ. P. 12(f).

## IV.    ARGUMENT

Plaintiffs' nationwide class allegations should be stricken because: (1) Plaintiffs lack standing to assert claims brought under the common law of states in which they do not reside or have a connection; (2) application of California law to the out-of-state class members' claims would violate due process; and (3) California conflict of law principles preclude maintenance of a nationwide class action with

respect to the claims alleged.

**A.** **Plaintiffs Lack Standing to Assert Claims Under the Common Laws of States with Which They Have No Connection**

"Courts in the Ninth Circuit have consistently held that a plaintiff in a putative class action lacks standing to assert claims under the laws of states other than those where the plaintiff resides or was injured." *Lozano v. Bowmar Nutrition LLC*, 2021 WL 4459660, at *2 (C.D. Cal. Aug. 19, 2021). *See also Stevens v. Britax Child Safety, Inc*., 2021 WL 4706702, at *4 (C.D. Cal. July 13, 2021) (dismissing nationwide class claims at pleadings stage because "Plaintiff [did] not provide a prima facie showing that she ha[d] standing to proceed under the laws of Florida, Illinois, New York, North Carolina, and Washington," when her allegations "indicate she is a California Citizen who suffered her injury in California," and holding that Plaintiff's emphasis that her claims were allegedly "representative of similar claims available to Class members under the laws of other states, which are consonant with one another and with California law," did not overcome her lack of standing). *See also Drake v. Toyota Motor Corp*., 2020 WL 7040125 at *3 (C.D. Cal. Nov. 23, 2020) ("[c]ourts in this circuit have overwhelmingly ruled that plaintiffs do not have standing to assert claims from states in which they do not reside and that it is appropriate . . . to address standing in advance of class certification") (internal quotations omitted); *Zakikhan v. Hyundai Motor Co*., 2021 WL 4805454, at *6-7 (C.D. Cal. June 28, 2021) (dismissing plaintiffs' nationwide class allegations at the pleading stage where the only cognizable claims were brought under California law).

In *Lozano*, the court held that the plaintiff lacked standing to bring her claims "under the law of any state but California, the state where she resides." *Lozano*, 2021 WL 4459660, at *2. *Lozano* emphasized that where a "[p]laintiff's allegations indicate she is a California citizen who suffered her injury in California," there is no

"basis for [a p]laintiff to rest claims based on other states' laws," even where "claims under California law are materially identical to claims available to class members in other states." *Lozano*, 2021 WL 4459660, at *2.

Numerous decisions by other district courts in the Ninth Circuit are in accord. *See Sinatro v. Mrs. Gooch's Nat. Food Markets, Inc.*, 2023 WL 2324291, *7 (N.D. Cal. Feb. 16, 2023) (dismissing nationwide class claims at pleadings stage because "district courts in this Circuit routinely hold" that "named plaintiffs [do not] have standing to pursue class claims under the common laws of states to which the named plaintiffs have no connection. . . Plaintiffs do not allege any connection between any of the named Plaintiffs with each of the states that Plaintiffs seek to include in their claims on behalf of a nationwide class. As such, Plaintiffs cannot bring claims on behalf of putative members that reside outside of California, as the laws of the states where the putative class members reside apply."); *Tatum v. Talking Rain Beverage Company, Inc.*, No. 3:22-cv-03525-TLT, ECF No. 28, at pp. 7-8 (N.D. Cal. Dec. 5, 2022) (dismissing nationwide class claims because "[n]o named Plaintiff alleges a connection to . . . the jurisdictions where they do not reside or have not purchased Defendant's products."); *Phan v. Sargento Foods, Inc.*, 2021 WL 2224260, at *13 (N.D. Cal. June 2, 2021) (striking nationwide class allegations because plaintiff "cannot represent unnamed class members in states outside of California"); *Soo v. Lorex Corp.*, 2020 WL 5408117, at *10 (N.D. Cal. Sept. 9, 2020); *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 911 (N.D. Cal. 2019); *Corcoran v. CVS Health Corp.*, 2016 WL 4080124, at *2 (N.D. Cal. July 29, 2016); *Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1175 (N.D. Cal. 2017); *United Food & Com. Workers Loc. 1776 & Participating Emps. Health & Welfare Fund v. Teikoku Pharma USA, Inc.*, 74 F. Supp. 3d 1052, 1078–79 (N.D. Cal. 2014); *Fenerjian v. Nongshim Co.*, 72 F. Supp. 3d 1058, 1082–83 (N.D. Cal. 2014); *Stewart v. Kodiak Cakes*, 537 F. Supp. 3d 1103, 1125 (S.D. Cal. 2021) (collecting cases);

MOTION TO DISMISS AND/OR STRIKE NATIONWIDE CLASS ALLEGATIONS

1  *Vitiosus v. Alani Nutrition, LLC*, 2022 WL 2441303, at \*10 (S.D. Cal. July 5, 2022).

2  Plaintiffs lack standing to assert common law claims for "Breach of Implied

3  Warranty," "Unjust Enrichment," and "Fraud By Omission" on behalf of nationwide

4  classes because Plaintiffs do not allege any connection to the 49 states in which they

5  did not purchase the Product.  As such, Plaintiffs' common law claims must be

6  stricken at the pleading stage.

**B.    California Lacks Significant Contacts with Each Class Member's Claims**

Even if Plaintiffs did have standing to assert a nationwide class, Plaintiffs

10  cannot assert California common-law claims on behalf of the nationwide class

11  without violating due process.  Though Plaintiffs do not identify what law(s) they

12  contend should apply to their purported nationwide class claims,[1] to the extent they

13  seek to apply California law, it is well-settled that application of California law to

14  out-of-state class members is unconstitutional absent a showing that California has

15  a "significant contact or significant aggregation of contacts to the claims" of each

16  class member.  *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821 (1985) (due

17  process prohibits plaintiffs from applying the forum state's law to the claims of

18  putative class members in other states where the transactions at issue bear "little or

19  no relationship to the forum"); *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581,

20  590 (9th Cir. 2012), *overruled on other grounds* ("Under California's choice of law

21  rules, the class action proponent bears the initial burden to show that California has

22  'significant contact or significant aggregation of contacts' to the claims of each class

23  member … to ensure that application of California law is constitutional"); *Zinser v.*

24  *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1187 (9th Cir. 2001); *Lightborne v.*

---

[1] As discussed, *supra*, Plaintiffs' failure to identify the applicable state law also requires that their common law claims (Counts 4-6) be dismissed, which argument Defendant makes in its separately filed Motion to Dismiss.

MOTION TO DISMISS AND/OR STRIKE
NATIONWIDE CLASS ALLEGATIONS

*Printroom, Inc.*, 307 F.R.D. 593, 603 (C.D. Cal. 2015); *Marsh v. First Bank of Del.*, 2014 WL 554553, at *10–11 (N.D. Cal. Feb. 7, 2014).

While Plaintiffs allege that Defendant has "constitutionally sufficient contacts with this District to make personal jurisdiction in this Court proper," (*id.* ¶ 13), this conclusory allegation is not sufficient to meet their burden of showing that California has significant contact with their nationwide claims. *See, e.g.*, *Marsh*, 2014 WL 554553, at *12–13. Indeed, in *Mazza*, the court overruled the district court's certification of a nationwide class because every state has a "strong interest" in applying its consumer protection laws to transactions within its borders that affect its residents, and other states "ha[d] a strong interest in the application of their laws to transactions between their citizens and corporations doing business within their state," while "California's interest in applying its law to residents of foreign states [wa]s attenuated." 666 F.3d at 592–94. Ultimately, the *Mazza* court held that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place" to protect the "most basic concepts of federalism." *Id.* at 593–94. As such, application of California law to out-of-state residents' extraterritorial purchases would be unconstitutional. *See id.*; *see also Lightborne*, 307 F.R.D. at 603; *Marsh*, 2014 WL 554553 at *10–11; *Andren v. Alere, Inc.*, 2017 WL 6509550, at *16 (S.D. Cal. Dec. 20, 2017); *Tidwell v. Thor Indus., Inc.*, 2007 WL 8083631, at *8 (S.D. Cal. Mar. 26, 2007).

**C.    Conflict of Law Principles Preclude a Nationwide Class**

Conflict of law principles also preclude nationwide application of California law.[2] "A federal court sitting in diversity must look to the forum state's choice of

---

[2] Given the nationwide nature of this proposed class, Plaintiffs are required to establish the appropriate choice of law but makes no effort to do so in their

law rules to determine the controlling substantive law." *Zinser*, 253 F.3d at 1187. It is well-settled that California's choice of law rules require the application of the laws of the jurisdiction in which each transaction took place, thereby precluding application of California law to the proposed nationwide class. *See Mazza*, 666 F.3d at 596.  This rule applies to dismissal of nationwide claims "even at the pleading phase." *Cover v. Windsor Surry Co.*, 2016 WL 520991, at *5 (N.D. Cal. Feb. 10, 2016).

Under California's choice of law rules, "California law may only be used on a class wide basis if the interests of other states are not found to outweigh California's interest in having its law applied." *Mazza*, 666 F.3d at 590.  This requires the Court to determine: (1) whether there is a material difference between the different jurisdictions' laws; (2) if so, whether, under the circumstances, each jurisdiction's interest in the application of its own law creates conflict; and (3) if there is a conflict, which jurisdiction's interest would be more impaired by application of the other's laws. *See Mazza*, 666 F.3d at 590; *see also Schwartz v. Lights of Am.*, 2012 WL 4497398, at *4 (C.D. Cal. Aug. 31, 2012); *Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1007 (N.D. Cal. 2014).  Applying this test, courts have consistently concluded that California law should not govern out-of-state purchases.  As discussed below, the same conclusion is compelled here.

---

Complaint. *See generally* ECF No. 1.  Plaintiffs have not even attempted to show that the differences in state laws are nonmaterial (as required), which is grounds for denial of class certification. *Weisberg v. Takeda Pharms. U.S.A., Inc.*, 2018 WL 4043171, at *6 (C.D. Cal. Aug. 21, 2018).

MOTION TO DISMISS AND/OR STRIKE
NATIONWIDE CLASS ALLEGATIONS

1

2

### 1.   Material Differences Exist Between Different Jurisdictions' Laws of Fraud, Breach of Warranty, and Unjust Enrichment

A conflict exists because there are significant and material differences in the elements of California's breach of warranty, unjust enrichment, and fraud laws and the laws of other states.

With respect to the unjust enrichment claim, Ninth Circuit courts have consistently held that a nationwide unjust enrichment class is untenable because "[t]he elements necessary to establish a claim for unjust enrichment . . . vary materially from state to state." *Mazza*, 666 F.3d at 591; *see also Bias v. Wells Fargo & Co.*, 312 F.R.D. 528, 540 (N.D. Cal. 2015) (applying *Mazza* analysis to reject nationwide unjust enrichment claims because "[i]t is hard to imagine a clearer directive from our Circuit on this issue"); *Stitt v. Citibank*, 2015 WL 9177662, at *4 n.4 (N.D. Cal. Dec. 17, 2015) ("No court in this Circuit has certified a nationwide unjust enrichment class since *Mazza*"); *Walters v. Vitamin Shoppe Indus., Inc.*, 2018 WL 2424132, at *6 (D. Or. May 8, 2018) (holding that "the differences in state law on unjust enrichment claims are material and would produce different outcomes.").

Indeed, many states, including California, do not even recognize unjust enrichment as a legal cause of action. *See Forcellati v. Hyland's Inc.*, 876 F. Supp. 2d 1155, 1166-67 (C.D. Cal. 2012) (dismissing plaintiff's "purported unjust enrichment claim with prejudice" because "the majority of state and federal district courts in California do not recognize unjust enrichment as a freestanding claim"); *Smith v. Ford Motor Co.*, 462 Fed. App'x. 660, 665 (9th Cir. 2010) ("[p]laintiffs also appeal the district court's ruling that unjust enrichment is not an independent cause of action in California. This argument has no merit"); *Bosinger v. Belden CDT, Inc.*, 358 F. App'x 812, 815 (9th Cir. 2009) ("In California there is no cause of action for unjust enrichment."); *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015); *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d 1051, 1074 (N.D. Cal.

-8-

2015); *Callaghan v. BMW of N. Am., LLC*, 2014 WL 6629254, at *4 (N.D. Cal. Nov. 21, 2014).

There are also material variations in the statutes of limitations for unjust enrichment claims, which would make the class period in this case difficult to determine. As such, the applicable statutes of limitations will fluctuate greatly given wide variations among the 50 states, with some states applying statutes of limitations for this claim ranging from three to ten years,[3] while other states require a more complex limitations calculation governed by equitable doctrines such as laches. *See, e.g.*, *Suburban Motors of Grafton, Inc. v. Forester*, 396 N.W.2d 351, 353 (Wis. Ct. App. 1986); *Angelini v. Delaney*, 966 P.2d 223, 229 (Or. 1998).

The law of implied warranty also differs markedly from state to state. Accordingly, courts in this Circuit routinely reject nationwide breach of warranty classes. *See, e.g.*, *Darisse v. Nest Labs, Inc*., 2016 WL 4385849, at *12 (N.D. Cal. Aug. 15, 2016) (dismissing nationwide breach of implied warranty claim because "[t]he fifty states' laws on the implied warranties of merchantability and fitness for a particular purpose have significant differences regarding privity, notice, the availability of class actions, and the definition of merchantability"); *Banh v. Am. Honda Motor Co., Inc.*, No. 2:19-CV-05984-RGK-AS, 2020 WL 4390371, at *9 (C.D. Cal. July 28, 2020) (differences in state implied warranty laws precluded

---

[3] *See, e.g.*, *Domke v. Alyeksa Pipeline Serv. Co.*, 137 P.3d 295, 302 n.18 (Alaska 2006) ("[U]njust enrichment is essentially a contract claim, so it would be subject to the three-year limit established in AS 09.10.053 for actions upon a contract or liability, express or implied."); *Nitrini v. Feinbaum*, 501 P.2d 576, 580-81 (Ariz. App. Div. 1972) (applying four-year limitations period to unjust enrichment claim); *Dolezal v. City of Cedar Rapids*, 326 N.W.2d 355, 360 (Iowa 1982) (applying five-year limitations period to unjust enrichment claim); *Drozeck v. Lawyers Title Ins. Corp.*, 749 N.E.2d 775, 780 (Ohio Ct. App. 2000) (applying six-year limitations period to unjust enrichment claim); *Minyard v. Curtis Prods., Inc.*, 205 So.2d 422, 433 (La. 1967) (applying ten-year limitations period to unjust enrichment claim).

-9-

MOTION TO DISMISS AND/OR STRIKE
NATIONWIDE CLASS ALLEGATIONS

1  maintenance of multi-state breach of implied warranty claim); *Vinci v. Hyundai*
2  *Motor Am.*, 2018 WL 6136828, at *8 (C.D. Cal. Apr. 10, 2018).

3      "Material variations also exist among the states' laws regarding common law
4  fraud." *Darisse*, 2016 WL 4385849, at *13 (noting difference in reliance
5  requirements, burden of proof, and statutes of limitations for common law fraud
6  claims and collecting cases). *See also Gianno v. Alacer Corp.*, 846 F. Supp. 2d 1096,
7  1101 (C.D. Cal. 2012) (noting difference in reliance requirements, injury and
8  deception requirements, intent requirements, and statutes of limitations for common
9  law fraud claims). As with the implied warranty and unjust enrichment claims,
10 courts routinely dismiss nationwide fraud classes for this reason as well. *See*, *e.g.*,
11 *Dearmey v. Hawaiian Isles Kona Coffee Co.*, 2019 WL 6723413, at *3–4 (C.D. Cal.
12 July 22, 2019) (dismissing nationwide fraud claim because it "invokes common law
13 that varies materially from state to state"); *Larsen v. Vizio, Inc.*, 2015 WL 13655757,
14 at *3 (C.D. Cal. Apr. 21, 2015) (dismissing common law fraud nationwide class
15 claims because "there are … material variations among the states' negligent and
16 intentional misrepresentation claims").

17      **2.    Each Jurisdiction Has a Substantial Interest in the Application of Its Own Law to Claims Asserted on Behalf of Its Residents**
18

19      Courts also recognize that "every state has an interest in having its law applied
20 to its resident claimants." *Zinser*, 253 F.3d at 1187. "[A] jurisdiction ordinarily has
21 the predominant interest in regulating conduct that occurs within its borders."
22 *McCann v. Foster Wheeler LLC*, 48 Cal. 4th 68, 97 (2010). States' independent
23 interests in "balancing the range of products and prices offered to consumers with
24 the legal protections afforded to them" are strong enough to preclude the nationwide
25 imposition of California law. *Mazza*, 666 F.3d at 592; *Larsen*, 2015 WL 13655757,
26 at *3 ("[E]very state has an interest in having its law applied to resident claimants.").
27      Each jurisdiction therefore has an independent interest in applying its law to
28

MOTION TO DISMISS AND/OR STRIKE
NATIONWIDE CLASS ALLEGATIONS

1    transactions that take place within its borders.  *See Mazza*, 666 F.3d at 592–93 (the

2    other 49 states have the "predominant interest in regulating conduct that occurs

3    within [their] borders" because the place where the advertising is received and the

4    purchase occurs is the "place of the wrong").  California thus has an interest in

5    applying its law to Plaintiffs' and the California Subclass's purchases, which

6    occurred in California.  But California does not have an interest in applying its laws

7    to out-of-state purchases of out-of-state residents.  *See Mazza*, 666 F.3d at 594

8    ("California's interest in applying its law to residents of foreign states is

9    attenuated.").    Here, the transactions at issue took place across 50 states.

10   Accordingly, each state has an equal interest in applying its own laws to transactions

11   within its borders.  *See id.* at 594 ("[E]ach class member's consumer protection claim

12   should be governed by the consumer protection laws of the jurisdiction in which the

13   transaction took place.").

### 3.    Each State's Interest Would Be Impaired by the Application of Another State's Laws

16        Finally, each state's interests would be impaired by the application of foreign

17   law to its own residents' purchases of the Products in those states.  *See Mazza*, 666

18   F.3d at 593 ("[I]f California law were applied to the entire class, foreign states would

19   be impaired in their ability to calibrate liability to foster commerce.").  Applying

20   California or another state's law to purchases that took place in other states would

21   impair those states' interests.  For example, in *In re Capacitors Antitrust Litig.*, the

22   court dismissed nationwide class allegations at the pleading stage because "the

23   potential conflict with the laws of other states (which surely would have an interest

24   in this case if the Court were to certify a nationwide class) 'looms large.'"  106 F.

25   Supp. 3d at 1073; *see also In re Land Rover LR3 Tire Wear Prods. Liab. Litig.*, 2012

26   WL 2376975, at *4 (C.D. Cal. May 14, 2012) (dismissing nationwide class

27   allegations and noting that the court "may properly determine choice-of-law issues

28

Case No. 2:25-00137-SRM-RAO                    MOTION TO DISMISS AND/OR STRIKE
                                               NATIONWIDE CLASS ALLEGATIONS

at the pleading stage."). Similarly, in *Freedline v. Organics*, the court dismissed nationwide class allegations due to conflict of law issues because while "[t]here is no doubt that [plaintiff] may bring California-law claims on behalf of other California consumers . . . the putative class stops at the state border unless he can establish that California law applies to all putative class members." 2020 WL 6290352, at *2 (N.D. Cal. Oct. 27, 2020); *see also Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 545 (C.D. Cal. 2012) ("California's interest in applying its law to residents of foreign states is attenuated ") (internal citations omitted).

In contrast, California law would not be impaired by applying foreign state laws to citizens of foreign states. California law, in fact, prioritizes the site of the injury and supports referring each class member's claim to the jurisdiction where he/she purchased. *See Hernandez v. Burger*, 102 Cal. App. 3d 795, 802 (1980) ("[T]he place of the wrong has the predominant interest.").

Thus, all three factors of the *Mazza* test clearly demonstrate that California law cannot be used on a national class wide basis in this case. The claims of putative non-California residents must be governed by the laws of the states where the putative members purchased the products or reside. Neither California nor any other single state's law may apply to the Nationwide Class. Accordingly, the Court should strike all claims brought on behalf of a nationwide class.

**D.    The Class Allegations Should Be Stricken Now**

It is well-established that this Court has the authority to address at the pleadings stage class-related defects that, as here, appear on the face of the pleading. Indeed, courts in this judicial district have routinely stricken nationwide class allegations at the pleadings stage. *See Krayzman v. Yalla Ventures, Inc.*, 2024 WL 4536761, at *6 (C.D. Cal. Oct. 16, 2024) (holding that striking the nationwide class at the pleading stage was "not premature," as "'[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are

fairly encompassed within the named plaintiff's claim'") (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 160 (1982)). *See also Drake,* 2020 WL 7040125, at *3 ("[c]ourts in this circuit have overwhelmingly ruled that plaintiffs do not have standing to assert claims from states in which they do not reside and that it is appropriate . . . to address standing in advance of class certification") (internal quotations omitted); *Stevens*, 2021 WL 4706702, at *4; *Zakikhan*, 2021 WL 4805454, at *6-7.

Other district courts in California are in accord. *See Sinatro*, 2023 WL 2324291, at *7 (granting motion to dismiss as to nationwide class claims at pleadings stage . . . "[t]he Court can properly address the issue of standing before it addresses the issue of class certification"); *Tatum*, No. 3:22-cv-03525-TLT, ECF No. 28, at pp. 7-8; *In re Capacitors Antitrust Litig.*, 106 F. Supp. 3d at 1074 (dismissing nationwide class allegations at the pleadings stage because the court "finds merit in disposing of this issue at an early stage of the litigation, particularly where the issue of whether the different state's laws conflict will not change significantly as this action progresses."); *Freedline*, 2020 WL 6290352, at *1 (dismissing nationwide class claims at the pleadings stage, holding that "a Rule 12(b)(6) motion may also be appropriate for evaluating the adequacy of a national state-law class allegation"); *Van Mourik v. Big Heart Pet Brands, Inc.*, 2018 WL 1116715, at *2 (N.D. Cal. Mar. 1, 2018); *Stewart*, 537 F. Supp. 3d at 1124 (striking nationwide class allegations at the pleadings stage because "[t]he Court agrees with the growing trend that courts can address the issue of Article III standing at the pleadings stage and dismiss claims asserted under the laws of states in which no plaintiff resides or has purchased products."); *Vitiosus*, 2022 WL 2441303, at *10 (dismissing nationwide class claims at pleadings stage because "[t]here is significant risk of wasted effort and resources by the Court and the parties should Plaintiffs be permitted to proceed to class discovery with a putative nationwide class, when Plaintiffs can only plead California

and New York state law claims. There is simply nothing of legal substance to permit such a putative class to proceed. There are no claims that would apply to a nationwide class. It is neither prudent nor necessary to defer until class certification.") *Phan*, 2021 WL 2224260, at *13; *Cover*, 2016 WL 520991, at *5; *Frenzel*, 76 F. Supp. 3d at 1010; *Frezza v. Google, Inc*, 2013 WL 1736788, at *7 (N.D. Cal. Apr. 22, 2013).

Here, because each putative class member's claims are governed by the breach of implied warranty, unjust enrichment, and fraud laws of the state where he or she purchased the Product, Plaintiffs' proposed nationwide class involves individualized issues that predominate, which precludes certification of a nationwide class.  As such, the nationwide class allegations should be stricken now.

## V.   CONCLUSION

For the foregoing reasons, Plaintiffs' nationwide class allegations should be dismissed and/or stricken.

Dated: April 2, 2025

Respectfully submitted,

**VENABLE LLP**

By:   */s/ Daniel S. Silverman*
        Daniel S. Silverman
        Bryan J. Weintrop
        Zoe E. Gallagher

*Attorneys for Defendant*
ALTERNATIVE VENTURES, LLC
dba PRESS'D

Case No. 2:25-00137-SRM-RAO                    MOTION TO DISMISS AND/OR STRIKE
                                               NATIONWIDE CLASS ALLEGATIONS